Okay, the next case is number 2012-11-86, Ford Motor Company against the United States. Ms. Douglas, when you're ready. Good morning, Your Honor. Stephanie Douglas on behalf of Ford Motor Company. May it please the Court. Ford filed a valid claim for a refund of duties paid on NAFTA-eligible imported goods and provided proof of that NAFTA eligibility as requested by customs in the form of a certificate of origin. Ford's claim, as this Honorable Court found in the first appeal in this matter, was timely because Ford filed it within one year of importation. Under Regulation 10-1-12, NAFTA claim-supporting documents, like claim-supporting documents for all other free trade arrangements, are not required to be filed by one year. They may be filed at any time recorded. This particular regulation existed prior to the enactment of NAFTA. Yes, Your Honor. So what's the effect? I mean, what effect did NAFTA have in its negotiation history with respect to bringing an exemption under 1-12? Respectfully, the NAFTA Implementation Act specifically says that NAFTA is not meant to override or modify any existing laws. And as the CIP found in Avial, customs is presumed to know its own laws, and NAFTA was 32 years after Regulation 10-1-12, and customs did nothing to exclude Regulation 10-1-12. Why wasn't this exception written into the Provision 502 of the NAFTA then? Provision 502 of the NAFTA does say, in accordance with customs regulations, and it does not exclude them or say regulations pursuant to this statute or promulgated for NAFTA only. And those regulations, again, have been found to include Regulation 10-1-12 as the general authority that customs has to accept claim-supporting documents at any time before the liquidation becomes final. But the specific generally overrules the general right. And here you've got statutory language and regulation that are specific to what is happening here as opposed to 10-1-12, which is quite generic. It seems, I mean, there's a tension between that regulation and the other provisions, right? So we're supposed to let your construction of that regulation override the statutory language as well as the subsequent regulation? Yes, Your Honor. Although I do agree that if you ignore 10-1-12 or find that it's just general, there is a bit of a tension. But time and again, 50 years of judicial precedent have found that 10-1-12 applies unless customs says it doesn't. Every interpretation of 10-1-12 to a free trade agreement has found that those documents can be filed at any time before a decision becomes final. There are no cases that limit its application for entry-related documents at all. So although the specific... Didn't the NAFTA bring up special issues concerning certificates of origin and the special problems, especially in the automotive industry? And wasn't the government aware of that when it negotiated this particular provision? The certificate of origin, in practical reality, the certificate of origin is almost never filed. So to suggest that it's a mandatory document, afforded special provisions, I think is a little bit disingenuous because the reconciliation prototype, which is customs' official interpretation, they define it as the lawful interpretation to standardize the previously inconsistent treatment, and customs' official interpretation of statute 520D says customs has the authority to waive the presentation of that certificate of origin and request it at any time, which could include after one year. And in most cases, those certificates are never filed. So I don't think that the certificate has special meaning that it must be presented to customs in order to provide a valid claim. And customs' own actions since 1998 in almost every post-entry claim prove that. They're not required to be filed, but aren't... Isn't there a requirement that the importer have in possession a certificate of origin? Yes, Your Honor, and Ford did have them in his possession. And at all times. That is not an issue in this case. Ford had them in his possession and offered them to customs in a variety of ways. One of the big distinctions, the government for the first time in this appeal has shifted from the grounds that it argued below and the CIT below ruled on. The argument in the red brief here is different. Below, there is no discussion of customs' authority to waive the presentation within one year. Below, the CIT rules that document is mandatory. It's a necessary element of claim, and customs has an ability to waive that. The court would not address the reconciliation prototype, which proves the opposite of that, saying it was inopposite. But it isn't inopposite. And the case law says there is only one statute. And where there is only one statute, it can only have one meaning. Customs has proven, through its official interpretation, that the meaning of 1520D, when read with all of the regulations, allows that certificate to be filed at any time before litigation. So your argument is that customs has authority to waive? Yes. If it has authority to waive, and it refuses to exercise that authority, why is that unreasonable or arbitrary in this case? Respectfully, Your Honor, customs has not refused to exercise its authority. It has disavowed its authority. For 15 years, if you go back to customs denial, it said this is not a document that can be requested at random. A claim must include a certificate within one year. It's binding. It's essential. They did not say, and even if we could waive it, we don't. We refuse. We have a reason. There is no reason given. And in Leather's best, in a footnote, it's true. Now, it seems to me that in this ruling, 22-8 and 654, that customs said in that ruling that it refused to waive. Customs respectfully, sir, said it had no authority to waive. It said 181.22d, which is the regulation the government relies on now to justify the reconciliation prototype. Customs says that regulation does not apply to post-entry claims, which would include reconciliation prototype claims and Ford's claims here. It did not say we have the authority but refuse to exercise it. Ford argued customs has all of the information to demonstrate that Ford's goods qualify for NASA, and customs in response said that may be so, but the statute said you had to have the document in a year. And respectfully, as the reconciliation prototype proves, the statute is not so airtight. The statute allows for exceptions where the importer had no willful negligence or fraud and where customs grants that waiver authority. Customs has no reason to not grant it to Ford. There is not the only argument in the government's red brief for distinguishing the reconciliation prototype from Ford's 1520d claims, which rely on the identical authority. There's no intervening regulation. The only argument the government has given is reconciliation, customs grants, and a waiver. Ford didn't have one, but Ford asked for one. In 1996, before this ever happened, before the goods were imported, Ford said there are 190,000 documents, pieces of paper that have to be sent to the proper courts, and it's burdensome, and we know that your interpretation of the statute and its regulations allow you to waive it, and we know that because we're working with you on the reconciliation prototype. And that official interpretation says you have the authority to do just what we're asking, and that's all we're asking for. Let us give you this document in an electronic format. Let us give them to you on an as-needed basis, on an as-requested basis. Ford provided a number of different alternatives, and customs says our hands are tied. We can't. The statute is clear. We need the document. But customs cannot interpret the same statute in two different ways without a meaningful distinction, and there is no meaningful distinction between the processing of reconciliation prototype claims and the processing of Ford's claims here. But the post-entry claim is specified in the NAFTA. I mean, that's an actual NAFTA provision that was negotiated by the three parties. Yes, Your Honor. But I don't believe the post-entry claim is exactly what's at issue in reconciliation. There is only one statute for post-entry claims, and that's 1520B. So all claims filed under reconciliation prototype, which includes virtually every claim since 1998, is filed without a certificate of origin and processed by customs without a certificate of origin. Ford, on the other hand, filed this document and did so before customs ever made a decision. So if NAFTA and the statute incorporate the regs and allow customs to do the reconciliation prototype, and customs is presumed to follow the law, and this court in Ford II found the reconciliation prototype to be a lawful exercise of customs discretion and admission that customs may lawfully exercise that, then there is no reason that Ford's claims should not be processed in the same manner. So I think it's disingenuous for the government to argue that NAFTA is so clear that this document is so mandatory when customs doesn't treat the document as mandatory and hasn't for nearly 15 years. This was a parallel process, and the joint appendix includes a decision on August 28th of 2002 for reconciliation prototype claims that were filed without signing the certificates of origin, and on August 29th for the claims at issue here, customs issued a different decision. For the reconciliation prototype claims, customs said, you're right, we'll accept those claims, even though the COs weren't filed within one year. The next day, customs said, we can't accept your claims because the COs weren't filed within one year. There is no distinction, and Ford has been asking about how can it be true that the statute can be interpreted two different ways with the same statute. Customs said, we won't talk about that. So in the legislative history of the enabling statute for NAFTA, to what extent did they address the reconciliation process there? The NAFTA 503C provides customs the authority to waive the certificate of origin if it is otherwise satisfied that the goods qualify for preferential treatment. The reconciliation prototype, however, does not include a prequalification program. Customs still processes those claims and makes itself satisfied that those goods qualify after the claims have been filed. But Congress didn't address the reconciliation process in its legislative history of NAFTA to this extent, did it? No, Your Honor, it did not. But it did with respect to the post-entry provision. Reconciliation is a post-entry provision. No, but did not Congress address specifically the post-entry provision of NAFTA? And there the legislative history notes the one-year requirement, or submitting the CO along with your claim? Yes, Your Honor, but if it was mandatory, as the government now argues and as customs has argued, if it were mandatory, then the reconciliation prototype would be unlawful. Wouldn't it be reasonable for customs to look at that legislative history and say, well, we're stuck with respect to the post-entry, but we're not with respect to the reconciliation? Your Honor, reconciliation claims are post-entry claims. They are not separate claims. They are two methods to file the very same claim. They are both 1520D claims, and they are simply different computer programs to file the same claim. But one arises specifically out of NAFTA. They both arise specifically out of NAFTA. For NAFTA post-entry refund claims, reconciliation relies on 1520D and all of its regulations, as does Ford's traditional claims filed under the electronic protest module. There is no difference. Reconciliation is not a new statute, a new regulation, a new authority for customs to waive documents. Reconciliation is simply a filing vehicle for the existing claim, the same claim as Ford filed here. It's just a new method of filing. Nothing else changed. If customs has the authority to process reconciliation 1520D claims, then customs has the authority to process Ford's claims here. And customs, as the government now concedes, the government now says Ford didn't get a waiver, but has provided no reason for denying Ford that waiver. And Ford's goods qualify, and that has never been disputed. So time and again, 10.1.12 has been read to allow, to excuse filing deadlines for situations like this, where the importer was not willfully negligent or fraudulent. The importer missed a deadline here because it was working with customs to define the efficient mechanism for filing those documents. And there was an ongoing dialogue about it. Okay, we'll save your rebuttal time, Ms. Douglas. Thank you, Your Honor. Mr. Kennedy. Yes, Your Honor. We ask that this Court affirm Judge Barr's last November 28, 2011, opinion, finding that Ford failed to state a substantive 1520D post-entry NAFTA claim for which release could be granted because the certificate of origin was not finally filed. And also that 19 CFR 10.1.12 did not excuse Ford's failure to timely state it. What is the justification of excusing the filing of the certificate of origin with a claim under the reconciliation process but not the post-entry process? Your Honor, first, respectfully, in terms of reconciliation, this entry was not entered under the reconciliation program. Reconciliation, this was a 1520D entry. Reconciliation was not available at that time. It became effective on October 1, 1998. So that was after this entry came into effect. Reconciliation is a prototype. The authority, there's an authority for prototypes. But under reconciliation, you don't have to file your certificate of entry until that particular customs transaction is completed. Yes, Your Honor. Under reconciliation... So why has customs said it's okay, we will waive it with respect to reconciliation, but we won't waive it with respect to post-entry claims? Because reconciliation requires a specific... Well, first of all, it's a prototype program. And secondly, it's specifically waived within that program. And there's been no waiver under 1520D claims outside of reconciliation. Okay, so what's the justification for having waiver under one program and not the other? Well, in this case, I'm not here to defend reconciliation. However... I'm not asking you to. I'm just saying customs has chosen not to provide a waiver under 112 with respect to post-entry. And your opponent says, but look, they do provide a waiver under the same statute with respect to the reconciliation process. So I'm asking you, how can that be? Your Honor, the NAFTA under 503 under the exceptions, it does state that there can be an exception if one of the parties has otherwise accepted this as a NAFTA good. The reconciliation program is a program you have to apply to it, and you have to meet the process in getting into that reconciliation program. And that's in the joint appendix. And specifically, the program refers to the February 6, 1998 notice, which sets forth the applications participated, including the commodities under reconciliation, the ports of the underlying entries where the reconciliation will be filed, the number of entries anticipated to be covered by the reconciliation, detailed description of specific issues to be recognized... What's the policy we're asking? What's the rationale that you're willing to accept the certificates of origin any time prior to the conclusion of that customs operation, the reconciliation when it closes, but you won't do it prior to liquidation under the post-entry program? Under reconciliation, through the application process and through the flagging at entry, where the importer states that it will be filing a NAFTA post-entry reconciliation in a year, customs satisfies itself through the whole process that the good would likely be a NAFTA qualifying good. When you're outside of that program, and that program wasn't in effect at the time of the entry here, when you're outside that program, you have to follow the regs that were established at that time. 181.32, which specifically says within a year you have to file the NAFTA certificate of origin. Do you have authority to waive the certificate of origin requirement under the post-entry provision? Under 181.32, there is a... 181.32 does state under the certificate of origin issue that it also incorporates 181.22, which is the waiver of possession of the certificate of origin. So if you had obtained a waiver of that possession under 181.22, then when you're doing a post-entry in 181.32, it seems to say that if you already had that, you would then... Does customs have authority to waive the requirement that you must include or that you should include your certificate of origin at the time that you filed your claim for post-entry? Under 181.32, if you already had one for possession, if you already had the waiver for possession under 181.22, then that is a possibility. So then you do have the authority to waive it? Yes, but there was no waiver in this case. And as you indicated before, even in the underlying ruling or the headquarters ruling, the headquarters ruling said, well, it doesn't meet... There's no authority to say. It also says it doesn't meet the requirements under 181.22, one through... Little I through Little III. And that... ...could not sit back here without receiving a waiver and not abide by the regulations that were in effect. That was 181.32, which requires... What is the... You know, the patent law, which we do a lot of patent cases, where we emphasize the need for notice of the public and to be put on notice. What is the notice here to a person like Ford when you've got two regulations which seem to point in opposite directions, right? I mean, you agree that they go in opposite directions, that in the absence of this regulation, 10.1.12 would seem to govern, would it not? All right. 10.1.12 preceded 181.32, and 181.32 is more specific as to the NAFTA. When customers was obligated under the law to come out with these regulations, it was through the NAFTA, through the process. Well, did it have an obligation then to go back and amend 10.1.12 for clarification purposes? Because now you're constricting what one otherwise would have feared, how one otherwise would have feared we read 10.1.12, right? 10.1.12, first off, refers to documents that need to be submitted in connection with an entry, at time of entry or within the time of the bond period, of the entry bond period. That's a specific timeframe. 10.1.12 doesn't fit within what is required in the post-importation NAFTA, or Claim for Relief, which requires the filing of the NAFTA certificate outside of that period, but they're talking about another less onerous period. They're talking about up to a year after the entry. So 10.1.12 on its face doesn't apply to the type of certificate of origin filing requirement that's specifically included in 181.32. 181.32 already establishes, concerning to NAFTA, a less onerous method of obtaining this relief because there's two methods to get the NAFTA reconciliation. One is at entry, which could possibly be onerous to come up with all these things at entry. So the NAFTA, through 181.32, establishes another less onerous way to do it, and that's to come up with these documents a year later. I would think you would argue the other way, that the reconciliation process is a very complex, labor-intensive process where you examine many variables related to a customer's entry, whereas a post-entry process is not as complex. I was juxtaposing the at-entry requirements of NAFTA 1520d as opposed to the post-entry. The NAFTA reconciliation program, it wasn't just... The reconciliation program to which NAFTA reconciliation is part of wasn't just for NAFTA reconciliation. It was also for value and for classification and other things that customers established under the MOD Act. So they had... And the post-entry program is just to say, give me back my duties, I overpaid, my goods were NAFTA originating, here's my certificate. As long as they give you the certificate before liquidation, before you decide the post-entry transaction, why do you have a difference between the two different programs? You still haven't answered my question, and I think that's where you rise and fall in my book. Your Honor, the NAFTA reconciliation program, everything has to meet the statute, 1520d, and also it's implementing the NAFTA articles. And Article 503 talks about... Article 503 talks about even post-entry, you have to file a certificate within a year. Article 503 talks about exceptions to that. But it also says that provided that these exceptions, provided the importations do not form part of a series of importations that may reasonably be considered to have been undertaken or arranged for the purpose of avoiding certification requirements of 501 and 502. So under reconciliation, under the application program that's noted in February 6, 1998, you have to provide customers with all this information, including what are the entries that you're talking about that you're going to ask for reconciliation. And you flag these things ahead of time, so they satisfy themselves. You're required to provide, let's say, a ton of material and information in the reconciliation process, but not the certificate of origin. I mean, you don't have to provide the certificate of origin until the very end. And you said it's because we trust you that you have it. Well, they've satisfied through reconciliation, through the application program, through the flag, and they otherwise satisfy themselves. It's not violating 502. It's not just a wholesale abandonment of certification or even series. When you're outside of reconciliation, that program which wasn't applicable to this entry, you're talking about 181.32, which provides that you have to have this certificate of origin unless you did receive a waiver of possession ahead of time, which didn't happen here. And Ford cannot sit back without a waiver under 181.32 and then claim that they didn't have to meet the requirements, which was essentially an issue here. And if there's no further questions, can we stop? And I ask that the judgment be deferred. Thank you. Thank you, Mr. Karrasch. Ms. Jenkins? Your Honor, I think that Judge Rana hit it exactly on the head. This is a question of what's the difference between reconciliation and the electronic protest module. There is no difference. There is no different authority. This has always been a question of customs authority to accept Ford certificates of origin, and customs has that authority. The only reason ever given for not exercising it is Ford didn't get a waiver. But Ford asked for the waiver. And under Ledger's Best, in a similar circumstance where customs had the authority to waive a filing requirement if it was otherwise satisfied that the goods qualified, customs said, we are unwilling to extend the waiver. And the court said, unwilling is okay if it's because you're unable to become satisfied. It's not okay if you simply refuse to become satisfied. Now, it was in a footnote in Ledger's Best. Ford offered customs many different mechanisms to satisfy customs that Ford's goods qualified. Ford had been through origin verification and audit, proving that it never made a claim without possession of that certificate of origin. Ford offered electronic versions of the certificates of origin. Ford offered the same process as customs was implementing for 1520D claims filed through the reconciliation prototype. And customs never accepted or became satisfied apparently enough to give Ford that waiver. So customs has no justification, and the government has offered none here, for treating claims differently under reconciliation than under the traditional 1520D electronic protest module. The government keeps saying, this wasn't a reconciliation prototype claim. It didn't exist. But the statute is the same statute, and the regs are the same regs, and there is no authority that customs has under reconciliation that it doesn't have for Ford's claims here. So as the courts have said, a statute can have only one meaning. Either 1520D allows customs to process a claim without a certificate of origin filed within one year, or it does not. And as customs' own actions in the reconciliation prototype have proven for 14 of NASA's 18 years, customs has the authority to do what Ford requested here. It cannot simply say, Ford didn't get a waiver because we didn't give them one, so Ford doesn't get the benefit of the waiver of a filing deadline. There has been no distinction between those two processes, and for that reason, we ask this court to reverse the court's decision below, rather than affirm it on grounds that were never considered, and to order that court to enter judgment in Ford's favor. Okay, any more questions? Okay, thank you Ms. Douglas. Mr. Gay, the case is taken under submission.